UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                                          *

GERARD RICHARD VETTER                        *        Case No.: 15-21932-TJC
KATHLEEN CURRAN VETTER
      Debtors                                               *        Chapter 13

* * * * * * *

OBJECTION TO PROOF OF CLAIM FILED
BY MIDLAND CREDIT MANAGEMENT INC. CLAIM #15

      Come now the Debtors, Gerard Richard Vetter and Kathleen Curran Vetter, by and through their attorney David N. Portney, and Grossbart, Portney & Rosenberg, P.A., pursuant 11 U.S.C. §502(b)(1), file this Objection to sworn Proof Claim (hereinafter referred to as "Claim") filed by Midland Credit Management Inc. as Agent for Midland Funding LLC, (hereinafter referred to as "Claimant"), and for cause states:

      1.     This case was commenced by the filing of a petition with the clerk of this Court on August 27, 2015.

      2.     That Claimant filed a Proof of Claim in this Chapter 13 Case, on or about October 28, 2015, which reflected an unsecured debt in the amount of $5,041.39. A copy of Claimant's Proof of Claim is attached hereto and marked as Exhibit "A".

      3.     That Claimant's proof of claim, in the attached Account(s) Summary, reflects the original debt was with Synchrony Bank. The Account(s) Summary is silent as to who the original Assignor was. Curiously, two proofs of claim were filed on October 28, 2015, both of which are marked Claim 15. Box 3 on page one of the first Claim 15 lists the last four digits of the account number as 7582 and this Claim names both debtors on the first line of the Claim. Box 3 of the second Claim 15 lists a different account number (5780) than that listed in the first

Claim 15 and names only the joint debtor, Kathleen Vetter, on the first line of the Claim.

    4.    That the Debtors did list a debt on their schedule F held by GAP Visa ending in account number 5780 which matches the account number listed in the Claim's attached Account(s) Summary and the second Claim 15 in the amount of $5,006.00.

    5.    Pursuant to B.R. 3001(c)(3)(B), Counsel telephoned the number listed on the Claim on December 28, 2015 and spoke to Claimant's Senior Legal Specialist Joseph Raymond. Subsequent to that telephone call, Mr. Raymond forwarded documents to Counsel namely, a Bill of Sale, dated July 21, 2015, wherein Synchrony Bank, formerly known as GE Capital Retail Bank, transferred and delivered to Midland Funding LLC, its ownership in the Receivables as set forth in the Notification Files (as defined in the Agreement). The attached Purchase Agreement, dated July 21, 2015, is highly redacted and reveals no details of said Receivables. Mr. Raymond also sent an Affidavit of Sale of Account by Original Creditor and a Blanket Certificate of Conformity, both dated August 21, 2015, neither of which makes any mention of the specific account cited in the two Claims filed by the Claimant. Attached hereto and marked collectively Exhibit "B" are the above stated documents.

    6.    On December 28, 2015 Counsel sent an email to Mr. Raymond pointing out that nowhere in the two proofs of claim, nor in the Exhibit "B" documents, is there a reference to GAP Visa or, otherwise, any evidence of an assignment from GAP Visa to any other entity. Counsel also pointed out that the amounts listed on Schedule F for the GAP Visa account differs from the amount noted on the Claim and that the attachment to the Bill of Sale does not make any specific reference to Mrs. Vetter's account in the document entitled Purchase Price Reconciliation/Funding Instructions.

    7.    Mr. Raymond replied on December 29, 2015, by email, stating that he was

going to refer the matter to Claimant's in-house attorney and that Counsel would be hearing back from the attorney by January 4, 2016. On January 7, 2016, having not yet heard from Claimant's in-house attorney, Counsel sent another email to Mr. Raymond asking for a reply at his earliest convenience. Counsel has not heard back from any of the Claimant's representatives since January 7, 2016.

8. As noted in paragraph 4 above, Schedule F lists a debt owed to GAP Visa in the amount of $5,006.00. However, Claimant, despite request made in compliance with B.R. 3001(c)(3)(B), has failed to provide sufficient documentation to show that Claimant holds a valid claim against Debtors. "[I]t is not sufficient that the debtor owes *someone* money, the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim." *In re King*, No. 08-13152-SSM, 2009 WL 960766 at *5 (Bankr. E.D. Va. Apr. 8, 2009).

9. These documents are essential to afford Debtors the opportunity to verify the legitimacy of the debt claimed and the legal right of the Claimant to even file a claim in this proceeding. Without those documents, Debtors have no reason to believe that they owe any debt to Claimant. "To start, it *is* a substantive objection if a party claims not to owe money to another party; that goes directly to the validity of the claim." *In re Pursley*, 451 B.R. 213, 231 (Bankr. M.D. Ga. 2011). "This court holds a challenge to standing is a substantive objection under §502(b)(1) because if a claimant has not proven it is the true owner of a claim with a right to payment (i.e. the party with standing), the claim is unenforceable against the objector under state law." *In re Richter*, 478 B.R. 30, 49 (Bankr. D. Colo.2012).

WHEREFORE, Debtors respectfully request this Court to:

A. Disallow the Proof of Claim (Claim 15) filed by Midland Credit Management Inc as Agent for Midland Funding LLC in the amount of $5,014.39; and

B.   Grant such other and further relief as is just.

/s/ David N. Portney, Esquire
David N. Portney, Esquire (04116)
Grossbart, Portney & Rosenberg, P.A.
Blaustein Building, Suite 1214
One North Charles Street
Baltimore, Maryland 21201
(410) 837-0590
Attorney for Debtor(s)

**NOTICE TO THE CLAIMANT: Take notice that, unless you wish to rely solely on your Proof of Claim, under Local Bankruptcy Rule 3007-1, you have 30 days from the date of the Certificate of Service below in which to file and serve on the Debtors' attorney a memorandum in opposition to this Objection, together with any documents and other evidence the Claimant wishes to attach in support of its claim. Claimant or any other interested party may request a hearing that will be held at the Court's discretion.**

VERIFICATION

We, Gerard Richard Vetter and Kathleen Curran Vetter, debtors, solemnly affirm under penalties of perjury that we have read the foregoing Objection and that the statements made in the Objection are true and correct based on our personal knowledge.

Dated: March 9, 2016

/s/*Gerard Richard Vetter*
Gerard Richard Vetter

/s/*Kathleen Curran Vetter*
Kathleen Curran Vetter

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on March 9th, 2016, a copy of the foregoing Objection to Proof of Claim was mailed first class, postage prepaid, to the Debtor(s); Timothy P. Branigan, Chapter 13 Trustee, P.O. Box 1902, Laurel, MD 20725-1902; Office of the US

Trustee, 6305 Ivy Lane, Greenbelt, MD 20770, J. Hujdurovic, Bankruptcy Specialist, Midland Credit Management, Inc., Agent for Midland Funding, LLC, P.O. Box 2011, Warren, MI 48090, Claimant; and CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202, resident agent for Claimant.

/s/ David N. Portney, Esquire
David N. Portney, Esquire