UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                              *

GERARD RICHARD VETTER                               *    Case No.: 15-21932-TJC
KATHLEEN CURRAN VETTER
   Debtors                                          *    Chapter 13

       *   *   *   *   *   *   *

## MOTION TO VACATE WAGE ORDER

      Come now the Debtors, Gerard Richard Vetter and Kathleen Curran Vetter, by and through their attorney David N. Portney, and Grossbart, Portney & Rosenberg, P.A., and file this Motion to Vacate Wage Order, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure, and for cause states:

      1.    This case was commenced by the filing of a petition with the clerk of this Court on August 27, 2015.

      2.    The Amended Chapter 13 Plan, filed at docket entry 51, was confirmed by Order of this Honorable Court on July 18, 2016 requiring payment of $2,670.00 per month for the first 24 months and $2,170.00 per month for the final 36 months.

      3.    On July 18, 2016 a wage order was issued, at docket entry 54 (the "Wage Order"), to the debtor's, Gerard Vetter, employer.

      4.    It is now nearly six months since the issuance of the wage order and trustee's plan payments continue not to be withheld from the debtor's wages.

      5.    To date, the debtors have made fifteen plan payments and are current with their obligation under the confirmed plan.

      6.    On December 8, 2016 counsel wrote a letter to the chapter 13 trustee

explaining the debtors' concern that since it is taking so long for the employer to institute withdrawal of the plan payments, that when the amended wage order is issued, reflecting the reduction of plan payments after month 24, it will take a like amount of time before the reduction is instituted. The debtors requested that they be allowed to continue to send their plan payments directly to the chapter 13 trustee for the remainder of the plan. A copy of the letter is attached hereto and marked exhibit "A".

  7. Counsel spoke with the chapter 13 trustee's office on January 6, 2017 and the trustee's case administrator informed counsel that Mr. Branigan had reviewed said letter and had written a note on the letter stating that he consented to the withdrawal of the wage order.

  8. In accordance with Rule 60(b)(6) of the Federal Rules of Civil Procedure, made applicable to the proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure, the facts set forth above constitute good reason justifying relief from the Wage Order, specifically that the Wage Order be vacated.

  WHEREFORE, Debtors respectfully request this Court to:

  A. Vacate the wage order issued on July 18, 2016; and

  B. Grant such other and further relief as is just.

/s/ David N. Portney, Esquire
David N. Portney, Esquire (04116)
Grossbart, Portney & Rosenberg, P.A.
Blaustein Building, Suite 1214
One North Charles Street
Baltimore, Maryland 21201
(410) 837-0590
David@grossbartlaw.com
Attorney for Debtor(s)

CERTIFICATE OF MAILING

       I HEREBY CERTIFY that on Monday, January 09, 2017, a copy of the foregoing Motion to Vacate Wage Order was mailed first class, postage prepaid/sent electronically via ECF to the Office of the U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770; Timothy Branigan, Trustee, 14502 Greenview Drive, Suite 506, Laurel, MD 20708, and to all creditors of record listed on the attached mailing matrix.

                                              /s/ David N. Portney, Esquire
                                              David N. Portney, Esquire